No. 11,278.

HUNTER *v.* STAPLETON, ET AL.

Decided June 15, 1925.    Rehearing denied June 22, 1925.

Action to enjoin expenditure of municipal funds. Judgment for defendants. On application for supersedeas and motion to dismiss.

*Application Denied and Motion Sustained.*

1. APPEAL AND ERROR—*Supersedeas—Costs.* Where a supersedeas would serve only to stay an execution for costs, application for the writ will be denied.

2.     *Supersedeas—Dismissal—Motion.* A motion to dismiss application for supersedeas will be treated as one to deny the supersedeas and dismiss the writ of error, where there is nothing for the reviewing court to try.

3.     *Moot Questions.* Where the sole questions involved have become moot, the appellate court will decline to hear the case.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. HAROLD G. KING, for plaintiff in error.

Mr. HENRY E. MAY, Mr. THOMAS H. GIBSON, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here as below and we designate them as there. Plaintiff, on behalf of himself and others similarly situated, brought suit as a taxpayer to enjoin certain expenditures of municipal funds. He prayed that a temporary injunction issue and that on final hearing it be made permanent. A general demurrer to the complaint

was sustained. Plaintiff electing to stand thereon, judgment of dismissal and for costs was entered against him. To review that judgment he brings error and asks that the writ be made a supersedeas. Defendants move to dismiss the application for a supersedeas because the only question raised is moot. This motion is supported by a showing that warrants for the entire amount in dispute have been drawn on vouchers duly issued and said warrants paid. That showing is undisputed and hence is taken as true.

A supersedeas herein would serve only to stay execution for costs. We have uniformly declined the writ in such cases and no reason is shown for making an exception of this.

As it is perfectly apparent there can never be anything in this case to try here, the motion should have been to deny the supersedeas and dismiss the writ of error. We will so consider it. When the sole question involved has become moot this court will decline to hear the case. 3 C. J. 358.

The supersedeas is denied and the writ dismissed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.