No. 12,921.

WARD v. WARD ET AL.

(3 P. [2d] 415)

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for plaintiff in error.

Mr. HENRY E. MAY, for defendant in error trustee.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

ANDREW Calvin Ward sued Estelle B. Ward, as trustee, and Don F. Cowell, as administrator, with the will annexed, of the estate of Calvin Tracy Ward, deceased, for $150,000 on a contract claimed to have been made by him with the deceased. Under direction of the court, the jury found for the defendants, and judgment was rendered in their favor. The plaintiff thereupon sued out a writ of error, making the above named defendants defendants in error. After the rendition of the judgment and before the case was docketed in this court, Don F. Cowell ceased to be the administrator of the estate, and Estelle B. Ward was appointed administratrix thereof.

Defendant in error Estelle B. Ward, as trustee, moved to dismiss the writ of error on two grounds: (1) That

the administratrix of the estate was not made a party to this proceeding; and (2) that as no supersedeas was granted, or even applied for, the writ of error is ineffectual, and only a moot question is presented. To meet these objections, the plaintiff in error moved for leave to substitute Estelle B. Ward, as administratrix, in the place of Don F. Cowell, as administrator, as a defendant in error; and further, to restrain Estelle B. Ward, as administratrix, from applying for an order to distribute the estate pending the determination of the cause by this court.

1. In support of the second ground assigned in the motion to dismiss, it is said that the estate is ready to be closed; that as no supersedeas has been granted, the assets will be distributed and the estate closed before the case is decided by this court; and, therefore, that only a moot question is presented to this court. But it appears that the estate has not been closed; hence the contention that the question presented to this court is moot is premature. If the county court should order the distribution of the assets while there is pending in this court a proceeding to determine the validity of the plaintiff's claim to a part of those assets, it will be time for this court to determine the validity and effect of such an order. It is not proper to determine that question in ruling upon the present motion to dismiss the writ of error.

The plaintiff in error says that he did not apply for supersedeas because of the statement in *Hunter v. Stapleton,* 77 Colo. 456, 236 Pac. 1013, that we have uniformly denied the writ where a supersedeas would serve only to stay execution for costs, "and no reason is shown for making an exception." It is unnecessary for us to discuss at this time the question whether sufficient reason is shown for making an exception. It will be time to consider that question if and when the plaintiff in error applies for a supersedeas.

2. The purpose of the suit is to obtain a sub-

stantial part of the assets of the estate. In order that there may be a proper and effective determination of the matters presented to this court, it is necessary that Estelle B. Ward be before the court in her two capacities; namely, as trustee and as administratrix, with the will annexed, of the estate of Calvin Tracy Ward, deceased. She is already here in her former capacity, and it is hereby ordered that she be made a defendant in error in the latter capacity. As Don F. Cowell has no interest in the matter in controversy, the suit is dismissed as to him.

The motion to dismiss the writ of error is denied.

 3. No restraining order is necessary. If the county court should order the assets distributed and the estate closed while this suit is pending here, such order may be presented for review in the customary manner and its validity and effect determined.

The motion for a restraining order is denied.